Alfred Seton, Alfred R. Conklin and Ernest E. Lorillard, as Substituted Trustees Under the Will of Peter Lorillard, Deceased, for Jacob Lorillard, Plaintiffs, *v.* The City of New York and William R. Willcox, William McCarroll, Edward M. Bassett, Milo.R. Maltbie and John E. Eustis, Constituting the Public Service Commission in and for the First District of the State of New York, and Peter P. Cappel, Defendants.

(Supreme Court, New York Special Term, December, 1908.)

Eminent domain: What constitutes taking of property so as to entitle to compensation — Easement in lands taken: Condemnation proceedings — Filing survey and map of lands — Sufficiency of map to extinguish easement upon taking servient estate.

Where the owner of a lot of land in the city of New York made an agreement with the owner of the lot adjoining him on the east by which the owner of the latter lot granted to him the right or easement to insert in the westerly wall of the building then standing upon the east lot the beams of a new building about to be constructed by the owner of the west lot and to maintain such beams in said wall as long as the same should stand; and where under the Rapid Transit Act (L. 1891, ch. 4) the Public Service Commission, in acquiring lands for public use, prepared maps or plans with memoranda showing the premises of the owner of the east lot and filed the same and gave notice thereof, but such plans or memo randa did not show the easement of the owner of the west lc although they declared, in terms, that they included particular e: tates, rights, terms, privileges, franchises or easements to b\ acquired or extinguished in relation to each and every piece o parcel of property taken, the city and Public Service Commissione have no right to demolish the westerly wall of the building standi. on the east lot; and, in an action by the owner of the domin estate, an injunction should be granted until the defendants a their proceedings so as to permit the owner of the dominant to be compensated for the property which will be destroyeu ن .. commission desire to acquire his easement.

Application for an injunction.

Philbin, Beekman & Menken, for plaintiffs.

George S. Coleman (Henry H. Whitman, of counsel), for defendant Public Service Commission.

Francis K. Pendleton (Francis J. Byrne, of counsel), for defendant City of New York.

SEABURY, J.   This is an application for an injunction during the pendency of this action restraining the defendants from tearing down a wall which stands at the westerly side of the premises No. 241 Canal street, in the borough of Manhattan.   The city of New York, by virtue of proceedings taken under the provisions of the Rapid Transit Act, acquired title to the premises No. 241 Canal street on July 22, 1908.   The said westerly wall extends upon the premises No. 243 Canal street from two to two and one-half inches.   The plaintiffs in this action, as trustees, are the owners of the premises No. 243 Canal street.   The city of New York has acquired the whole right, title and interest of the former owners of the premises No. 241 Canal street.   These former owners and the plaintiffs entered into a certain agreement, dated August 8, 1898, wherein it was provided that the former owners of the premises No. 241 Canal street, in consideration of $3,750, " have granted, bargained and sold and hereby do grant, bargain and sell unto the said parties of the second part, their successors and assigns, the right or easement to insert in the said westerly wall of the building, now standing upon the said lot of the parties of the first part, the beams of the new building about to be constructed by the parties of the second part upon their said lot and to maintain such beams in said wall as long as the same shall stand."   It is also provided in said agreement " that the said wall shall be a party wall for the joint benefit of the buildings of the parties hereto as long as the same shall stand, it being expressly understood and agreed, however, that the fee title to no portion of the land upon which said wall stands is conveyed hereby, but only an easement therein for the purposes herein specified."   The building which is now upon the premises known as No. 243 Canal street, is the " new building " referred to in this

agreement. This building is at present supported by beams inserted in said westerly wall. The building which was on the premises known as No. 241 Canal street is now in course of demolition, by the city authorities, although the westerly wall is still standing. The defendants do not threaten to take the fee of the soil owned by the plaintiffs, but do threaten to destroy that part of the " party wall " which stands upon the premises No. 241 Canal street.

The interests of the plaintiffs in this party wall are established and fixed by the agreement of August 8, 1898. Under and by virtue of that agreement, the plaintiffs are the owners of an easement in that part of the wall which stands upon the premises No. 241 Canal street. In every easement there are two distinct estates to be considered, the dominant estate, to which the easement belongs, and the servient estate, upon which the obligation is imposed. 10 Am. & Eng. Encyc. of Law, 402. In the case now under consideration, the plaintiffs, as owners of the premises No. 243 Canal street, are the owners of the dominant estate to which the easement created by the agreement of August 8, 1898, is appurtenant, and the former owners of No. 241 Canal street were the owners of the servient estate. The easement which is appurtenant to the dominant estate is the private property of the owners of that estate and cannot be taken for public uses unless provision is made for giving compensation therefor in the manner prescribed by law. The Rapid Transit Act makes provision for the manner in which an easement may be taken. Section 39 of that act provides that the word " property," as used therein, shall be deemed to include " easements whether of owners, abutting owners or others." This section also authorizes the acquirement on behalf of the city of the easements " which in the opinion of the board it shall be necessary to acquire or extinguish." Section 40 provides that the board " shall cause three similar maps or plans to be made of each parcel of property which it may deem necessary so to be acquired, or to which there may be appurtenant rights, terms, franchises, easements or privileges necessary so to be acquired or extinguished, designating each of said parcels by a number

and upon each map or plan so made or in a memorandum accompanying the same, and to be deemed part thereof, the said board shall cause to be clearly indicated the particular estate or estates, rights, terms, privileges, franchises or easements to be acquired or extinguished for the purpose of this act, in relation to each and every piece or parcel of property described upon said map or plan." Section 41 provides that when the board " shall have caused to be made the maps or plans and memoranda specifying and defining the said property to be acquired, or to which are appurtenant the rights, terms, franchises, *easements* or privileges to be acquired or extinguished and shall have certified, filed and transmitted the several copies of such maps or plans " the board may direct the corporation counsel to take legal proceedings to acquire the same for the city. Section 43 provides that " after the said set shall have been filed as hereinbefore provided " the corporation counsel, upon giving the notice prescribed by statute, shall apply to the court for the appointment of commissioners of appraisal. The same section requires that the petition " shall contain a general description of all the property to, or in or over or appurtenant to which any title, interest, right, franchise, easement, term or privilege is sought to be acquired or extinguished, and of every * * * easement * * * sought to be acquired by the said city for public purposes, each lot or parcel being more particularly described by a reference to the number of said lot or parcel as given on said maps, and the title, * * * easement, * * * sought to be acquired or extinguished to or in or over or appurtenant to each of said lots or parcels shall be stated in said petition." Section 44 provides for the publication or service of notice, and if the notice is published it is required " to refer to a fuller statement " which is required to be filed, which must set forth the easements sought to be acquired or extinguished. Section 46 provides that the commissioners of appraisal shall take the oath of office, and section 47 provides that " on filing said oath in the manner provided in the last section, the city shall be and become seized and possessed * * * of all those * * * easements * * * which

28

are in the maps or plans and memoranda referred to in section forty of this act described as  *  *  *  easements *  *  *  and also shall become seized and possessed of all the rights  *  *  *  easements  *  *  *  appurtenant to any lots or parcels of property indicated on said maps or plans as parcels in regard to which it is deemed necessary to acquire such  *  *  *  easements, etc." It is perfectly clear, in view of these provisions, that the city can only acquire title to an easement by complying with the requirements prescribed by the statute.

The maps or plans or memoranda of the public service commission do not show the easement of which the plaintiffs are the owners. It is true that the memoranda and petition and maps and other proceedings taken by the public service commission declare in terms that they included " particular estate or estates, rights, terms, privileges, franchises or easements to be acquired or extinguished in relation to each and every piece or parcel of property." It is evident, however, that none of the memoranda, maps or plans or petition discloses in any way the easement which is the property of the plaintiffs. Compliance with the statutory requirements was a condition precedent to the acquirement by the city of the title to the easement owned by the plaintiffs. These provisions of law were not complied with in this case and the defendants now threaten to destroy this easement, although no provision for compensation has been made and the statutory provisions have been ignored. The learned counsel for the commission urges that as " the present owner of this westerly wall has the legal right to maintain it, there can be no wrong and therefore the plaintiffs have no remedy." But the fact that the city has the right to maintain the westerly wall in its present condition, both by reason of the agreement of August 8, 1898, and by reason of the length of time during which said wall has been established, does not in any way affect the question involved in this case. The question here presented is not whether the city has the right to maintain the wall as it is, but whether the city has the right to destroy it. It follows that section 1499 of the Code of Civil Procedure,

and the cases cited in reference to it, are without application. Nor is it an answer to the plaintiffs' claim to urge that the injury which would result to the public, if an injunction issues, would be greater than the damage which the plaintiffs would sustain if no injunction issues. Considerations of public policy afford the defendants no justification for taking the private property of the plaintiffs for public uses without compensation and without having complied with the provisions of the statute, and in such a manner as to cause irreparable injury to the plaintiffs, for which they have no adequate remedy at law.

In answer to the plaintiffs' contention, it is also urged that they may claim compensation for the destruction of their easement out of the award to be made for the taking of the servient estate. To this suggestion, it is a sufficient answer to point out that no provision has yet been made for awarding any compensation for the easement which the defendants contemplate taking or for acquiring the title to such easement.

The Rapid Transit Act, under which the defendants acquired the servient estate, contemplates that compensation shall be paid to the owners of easements over the property taken. It makes distinct provision for the preparation of maps showing such easements and provides the method by which proceedings for acquiring or extinguishing such rights may be taken. In the present case, the defendants have ignored these provisions. They did not cause the easement of the plaintiffs to be specified on said map, nor have they taken any proceedings to acquire such easement. In threatening to tear down the party wall, in which the plaintiffs enjoy this easement, the defendants threaten the total destruction of the easement. Under these circumstances, the defendants should not be permitted to tear down the party wall and thus destroy the property rights of the plaintiffs in their easement over the property, the title to which the city has acquired, without first making provision for compensation to them for the easement which they threaten to destroy.

If the defendants were suffered to carry out their pur-

pose, they would inflict upon the plaintiffs a permanent injury for which they would have no adequate remedy at law. The plaintiffs are, therefore, entitled to an injunction to restrain the injury with which their property is threatened. In view of the public interests which are involved, and the need that there shall be no unnecessary delay in completing the public work now in progress, the court directs that the injunction shall continue only until the defendants shall amend the condemnation proceedings now pending so as to permit the plaintiffs to be compensated for the property, which will be destroyed, if the commission desire to acquire title to the plaintiffs' easement. As soon as the proceedings are so amended this injunction will be vacated.

Ordered accordingly.